IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20-cr-224-RAH |
| | ) | [WO] |
| LONNIE MITCHELL | ) | |

**MEMORANDUM OPINION and ORDER**

To the extent Defendant Lonnie Mitchell challenged the reasonableness of the search of the Yarbrough Street residence on the basis that the affidavit in support of the warrant lacked probable cause, this Court previously denied the Motion to Suppress (Doc. 27) in its July 19, 2021, Order (Doc. 88). The Court, however, reserved a ruling on the Defendant's contention that the execution of the warrant to search the Yarbrough Street residence exceeded the scope of the warrant. (Doc. 27 at 9-11.) The Court now addresses the assertion that the seizure of jewelry, specifically a gold chain and ring (Items 22 and 24), exceeded the scope of the authorized search.[1] (*Id.* at 10.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

---

[1] In his Motion to Suppress, he also lists several other items, including a television, vehicles, paperwork, and empty firearm boxes from a vacant residence. (Doc. 27 at 10.) It is the Court's understanding from the Joint Response to Court Order (Doc. 108) and the July 22, 2021, teleconference (Doc. 111) that the Defendant is no longer challenging these items as the parties have reached an understanding.

U.S. Const. Amend. IV. The Amendment protects individuals against unreasonable searches of "their persons [and] houses." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (alteration in original). The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.

"Th[e] requirement of particularity prevents 'general exploratory rummaging in a person's belongings,' . . . but elaborate specificity is unnecessary. The description is considered 'sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized.'" *United States v. Betancourt*, 734 F.2d 750, 754–55 (11th Cir. 1984) (citations omitted).

In this case, the search warrant authorizes the officers to search for several items including "stolen property" and "[b]ooks, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safe deposit box keys, and other items evidence of criminal activity," as well as "[i]ndicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, mail (packages and letters), keys and cancelled envelopes."  (Doc. 41-1 at 2.)

The Court finds that, given the nature of the crimes being investigated,

including human trafficking, unlawful distribution of a controlled substance, and felony possession of a firearm, the list of items to be seized, although broad and covering many categories of items, was sufficiently particular. The jewelry, which was found in the rear bedroom near other items suspected to belong to the Defendant, falls within the language authorizing officers to seize the "indicia of occupancy, residency, and/or ownership of the premises." It is likewise arguable that the warrant authorizing the seizure of "other items . . . of criminal activity" included jewelry. *See United States v. Willey*, 57 F. 3d 1374, 1390 (5th Cir. 1995) (finding jewelry and firearms were not outside the scope of the search warrant where the warrant allowed agents to seize "other fruits, proceeds, evidence, and instrumentalities of delineated violations" ).

Moreover, even if the warrant for the search of the Yarbrough Street residence was overbroad or if the affidavit did not establish probable cause, the evidence seized should not be suppressed because the good faith exception to the exclusionary rule applies. As discussed in a previous order, the warrant affidavit for the Yarbrough Street residence was not "so lacking in *indicia* of probable cause as to render official belief in its existence *entirely unreasonable*.'" (Doc. 88 at 9.) The good faith exception may be applied to an overly broad warrant. *United States v. Travers*, 233 F.3d 1327, 1330 (11th Cir. 2000). The exception, however, is not applicable "if the

warrant is so overly broad on its face that the executing officers could not reasonably have presumed it to be valid." *Travers*, 233 F.3d at 1330. In this case, Agent Richard Holston testified that the officers seized the jewelry under a multi-faceted theory. (Doc. 53 at 51.) He stated that the agents suspected the items were either stolen or obtained with illegal proceeds. (*Id*. at 51-52.) Agent Holston explained that, although Mitchell had no legitimate source of income, the agents found very extravagant jewelry in the same area where Mitchell's other personal items were also found. (*Id*. at 51.) This Court therefore concludes that, given the nature of the investigation, the warrant's identification of the items to be seized would not have alerted a reasonable agent to be concerned about the validity of the state circuit judge's authorization to search for the items.

For the reasons as stated, the Court concludes that, to the extent the Defendant asserts the evidence is due to be suppressed because the search of the Yarbrough residence exceeded the scope of the warrant, the Motion to Suppress (Doc. 27) is DENIED.

DONE, on this the 23rd day of July, 2021.

                            /s/ R. Austin Huffaker, Jr.
                            R. AUSTIN HUFFAKER, JR.
                            UNITED STATES DISTRICT JUDGE